# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRTUALPOINT, INC., dba Captive Media, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>POARCH BAND OF CREEK INDIANS, dba PCI GAMING AUTHORITY, a federally-recognized Indian tribe;<br><br>Defendant. | Case No.: SACV-15-02025-CJC (KESx)<br>Judge: CORMAC J. CARNEY<br>Courtroom: 9B<br><br>**CONSENT JUDGMENT**<br><br>[Fed. R. Civ. P. 58]<br><br>**Complaint Filed: December 4, 2015**<br>**Trial Date: August 22, 2017** |

The Plaintiff VirtualPoint, Inc. ("VPI") and the Defendant Poarch Band of Creek Indians dba PCI Gaming ("PBCI") (collectively the "Parties") have reached a settlement of this matter which they have set forth in a Confidential Settlement Agreement (the "Agreement"). As a requirement of that Agreement they have requested entry of this Consent Judgment, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure. The Court has reviewed the proposed Consent Judgment and adopts it as an order of its own. Accordingly, it is ordered as follows:

1. On or about September 30, 2015, PBCI – through former legal counsel – filed a Uniform Domain Resolution Proceeding ("UDRP") with the National Arbitration Forum ("NAF") against VPI ("the Proceeding") in which it is alleged, among other things, that the Domain www.windcreek.com registered to VPI (the "Domain") is confusingly similar to trademarks owned by PBCI. The complaint sought transfer of the Domain from VPI to PBCI. On November 13, 2015, NAF Panelist Antonina Pakharenko-Anderson issued a decision in the Proceeding (the "Decision") ordering VPI to transfer the Domain to PBCI.

2. VPI commenced this lawsuit within ten days of the Decision and provided notice thereof which notice, pursuant to Uniform Domain Name Dispute Resolution Policy 4(k), effectively stayed implementation of that Decision pending settlement or order of this Court.

3. The Decision in the underlying UDRP before the NAF ordering Plaintiff VPI to transfer ownership of the Domain Name to PBCI is reversed on the grounds that VPI has rights or legitimate interests in the Domain Name, registered and used the Domain in good faith, and is the rightful owner of the Domain Name. It is therefore Ordered that the decision be withdrawn in full.

4. VPI shall transfer to PBCI or its designee all rights to the Domain for the sum of $40,000, VPI representing that it has full and clear title thereto.

5. The Parties shall comply with all terms of their Agreement.

6. Nothing herein shall be deemed a waiver of PBCI's sovereign immunity except as specifically set forth herein.

7. All remaining claims in this action are dismissed with prejudice, with each party bearing their own attorney fees, costs and expenses.

8. This Court retains jurisdiction of this matter for purposes of taking any action necessary to enforce the terms of this Order and the Agreement.

IT IS SO ORDERED.

Dated: July 10, 2017

Hon. Cormac J. Carney
United States District Judge